# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LAURA RIVAS,** SURVIVOR OF JOSE MARRERO, DECEASED, <br><br> Plaintiff, <br><br> v. <br><br> **KILOLO KIJAKAZI,** Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 3:20-cv-1693-SI <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

On September 21, 2021, based on the stipulation of the parties, the Court remanded this case for further proceedings. On December 21, 2021, the Court granted Plaintiff's unopposed motion for fees under the Equal Access to Justice Act (EAJA) in the amount of $3,406.17.

Plaintiff's counsel now moves for attorney's fees of $10,606.75 pursuant to 42 U.S.C. § 406(b). ECF 21. This figure represents 25 percent of Plaintiff's retroactive benefits. Plaintiff's counsel requests that the Court deduct the $3,406.17 in EAJA fees previously awarded, leaving a net amount to be awarded as § 406(b) fees of $7,200.58. Defendant neither supports nor opposes the proposed award because "[i]t is for the Court to decide if the request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law." ECF 24. The Court must perform an

PAGE 1 – OPINION AND ORDER

independent review to ensure that the award is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For the following reasons, Plaintiff's counsel's motion for fees is granted.

## STANDARDS

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). Counsel requesting the fee bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. The attorney's fee award is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. *Gisbrecht*, 535 U.S. at 802.

A court reviewing a request for attorney's fees under § 406(b) "must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (*quoting Gisbrecht*, 535 U.S. at 793, 808). Routine approval of fees pursuant to a contingency fee agreement calling for the statutory maximum is, however, disfavored. *See Fintics v. Colvin*, 2013 WL 5524691, at *2 (D. Or. Oct. 2, 2013). Contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Gisbrecht*, 535 U.S. at 807. There is no definitive list of factors for determining the reasonableness of the requested attorney's fees, but courts may consider the character of the representation, the results achieved, whether there was delay attributable to the attorney seeking the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to attorneys). *See id*. at 808; *Crawford*, 586 F.3d at 1151-52. Although the Supreme Court has instructed against using the lodestar method to calculate fees, a court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d

PAGE 2 – OPINION AND ORDER

at 1148 (emphasis in original); *see also Gisbrecht*, 535 U.S. at 808 (noting that courts may consider counsel's record of hours spent representing claimant and counsel's normal hourly billing rate for non-contingency work as an aid in considering reasonableness of requested fees).

## DISCUSSION

As prescribed by *Gisbrecht* and *Crawford*, the Court begins its analysis by reviewing the contingency fee agreement executed by Plaintiff and his counsel. ECF 21-4. Plaintiff agreed to pay attorney's fees not to exceed 25 percent of the back benefits awarded. Here, $10,606.75 represents 25 percent of Plaintiff's back benefits. ECF 21-2 at 3. Thus, the requested fee award is within the statutory maximum. The Court next considers the appropriate factors to determine whether a downward adjustment is necessary in this case.

Plaintiff's counsel is reputable and experienced. There were no issues with the character of his representation. Plaintiff's counsel also obtained a favorable result; a stipulated remand for further proceedings. Plaintiff's counsel requested two extensions of time to file Plaintiff's opening brief, extending the deadline by a total of three months. The Court, however, concludes that these extensions were not done for dilatory purposes or to increase fees. The Court thus finds no basis for a downward adjustment on these factors.

The fee award also will not result in a windfall to Plaintiff's counsel. Plaintiff's counsel worked 18.25 hours, and thus the effective hourly rate is $581.15. The Court notes that effective hourly rates exceeding $1,000 have been approved in this district. *See, e.g.*, *Quinnin v. Comm'r*, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013) (approving de facto hourly rate of $1,240 for attorney time); *Ali v. Comm'r*, 2013 WL 3819867 (D. Or. July 21, 2013) (approving de facto hourly rate of $1,000); *Breedlove v. Comm'r*, 2011 WL 2531174 (D. Or. June 24, 2011) (approving de facto hourly rate of $1,041.84). The Court finds that no downward adjustment is necessary in this case.

PAGE 3 – OPINION AND ORDER

**CONCLUSION**

The Court GRANTS Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b), ECF 21. The Court awards George J. Wall attorney's fees under the Social Security Act, 42 U.S.C. § 406(b), in the amount of $10,606.75. The Commissioner shall subtract the $3,406.17 counsel already received under EAJA, leaving $7,200.58 to be paid to Plaintiff's counsel. Funds withheld by the Commissioner in anticipation of an order under Section 406(b), less an administrative assessment pursuant to 42 US.C. 406(d), may be paid to George J. Wall, 825 NE 20th Ave., Suite 330, Portland, OR 97232, consistent with this Order.

**IT IS SO ORDERED**.

DATED this 27th day of November, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge